(Cuyahoga County, Court of Common Pleas.)

Minnie E. Brown, v. The Board of Education of the City of Cleveland and N. Q. Sargent, School Director, The School Council of the City of Cleveland and L. H. Jones, Superintendent of Instruction.

---

(1.) The normal school of Cleveland, maintained by the board of education of that city, forms a part of its public school system. The board has therefore no authority to exclude a pupil from the normal school on the ground that they give no promise of becoming fit for teaching, nor on any ground except in accordance with the provisions of sec. 4014, R. S.

(2). Where the school authorities have, without objection, for nearly a quarter of a century admitted the young women graduates of the high school, regardless of age, and had admitted plaintiff, knowing she would be 21 years of age before the first year's work in the normal school was finished, they can not afterwards deny such pupil's right to attend the normal school on the ground that she is over 21 years of age.

DISSETTE, J.

This is an action brought by the plaintiff against the Board of Education of the city of Cleveland, and the School Director, and the School Council of the city of Cleveland, and L. H. Jones, Superintendent of Instruction. The case was heard in the latter part of May of this year, and the opinion of the court for good and sufficient reasons has been delayed until the present time. The plaintiff alleges that she has pursued the course of instructions in the public schools through all the grades to the last one called the normal school, which she entered in September last, and from which she was excluded by defendants in February of the present year. She complains that she was excluded for no reason, but that the defendants had concluded that she was not adapted to the profession of teaching. She says, that the normal school, so-called, is a branch of the public school system, and is conducted by defendants with a view to finishing the education of high school graduates, and graduates of other institutions, so that they may enter on the work of teaching with some special knowledge of the art, and to this end the school officers exercise the discretion of removing or excluding from the school as fast as they discover the want of those qualities in the pupil, natural or acquired, which indicate a want of adaptation to becoming successful teachers. She says, that some thirty young women were excluded from the schools with plaintiff, and for like reason.

She alleges further that favoritism and desire to keep down the competition for places in the schools are the real motives masked behind this test of inadaptability. She alleges that her deportment and recitations were good, but that she was excluded from the school by the arbitrary action of the defendants, based on frivolous and unreasonable grounds.

She asks the court to re-instate her in the school to which she was admitted at the beginning of the school year and from which she was excluded on February last; or, in other

words, she asks that the defendants be restrained from interfering with her free exercise and enjoyment of her right to attend school.

She says, that she is a resident of the city of Cleveland, and has been such from her birth; that she was graduated from the West High School of the city of Cleveland, in the year 1897, and that her average of scholarship for the four years was about 60 per cent.; that she held and still holds a valid certificate granted by the city Board of Examiners, and held the same at the commencement of the normal school of said city at the beginning of the current year, at which time she offered herself as a pupil in said school, was examined by the legal authority, and was accepted into said school as a pupil therein. That she is the daughter of a resident and a tax payer of said city. That she has spent years in pursuing the course of instruction in the public schools of the city of Cleveland at great expense, with the object and purpose of becoming a teacher in the common schools of the city or state, and that she is greatly injured by the arbitrary acts of said defendants in excluding her from the normal school, and asks that the defendants be restrained and enjoined from excluding her from the use, benefits and instruction of said school, and from interfering with her in her free enjoyment of such rights while complying with the reasonable rules and regulations of said school.

No answer has been filed by the defendants herein, but upon the hearing of application for temporary injunction affidavits were filed by the defendants, and the Director of Law of the city of Cleveland, who is counsel for the Board of Education, and the school authorities, appeared in opposition to granting a temporary injunction herein.

It was claimed upon that hearing in behalf of the defendants that while plaintiff had complied with all the regulations and requirements necessary to entering the normal school at the beginning of the school year; that up to the time of her dismissal from said school, or the time she was requested to withdraw from said school by the Superintendent of Instruction on February last, she had pursued certain branches of instruction so poorly and unsatisfactorily as not to give promise of graduation so as to fit her for teaching, and that as soon as the defendants became satisfied of that fact they had the power and the right to exclude her from the normal school if they deemed it best for the pupils remaining and the educational interests in their charge.

They say again that the plaintiff is now past twenty-one years of age, and although under age at the beginning of the school year, is now beyond school age and is barred by the law from the public schools. They say that they exercised their discretion in good faith in excluding plaintiff and others from the school, and that the courts ought not to and cannot interfere with matters committed by law to their discretion. They also say that while they excluded her from the normal school, they did not exclude her from the public schools generally. And that she should have understood that her place was to go back to the high school from which they had graduated her notwithstanding they gave her no such instruction, but simply notified her by letter from the superintendent that she was expected to withdraw from the school at the end of the current week.

The material facts are not in serious dispute.

The board of education of the city of Cleveland is maintaining the normal school for the purpose of fitting pupils of that school for teachers and thereby raising the standard of the teaching force of the public schools of the city. To do this, they have adapted certain rules for the selection of persons as pupils in the normal schools. None but graduates of the high schools whose standing equals 80 per cent. or graduates of other academic institutions of equally or higher grade can apply to this board for admission, and these must pass the board of examiners before they can be

admitted to receive instruction in the normal school.

From the testimony in this case it appears that the application for admission to the normal school and the number of persons which have been received, have been beyond the resources at the command of the defendants. In other words, the school authorities have not had sufficient means to grade and accommodate all who had desired instruction in the normal school. That up to this time they have had but one grade and in case any number of the pupils lacked proficiency and failed to keep up with the brighter pupils of the class, there has been no way up to this time of disposing of them except by letting them remain to the detriment of the class or by requesting them to withdraw from the normal school. So that heretofore, when the school has been so full as to indicate a surplus of teachers and certain pupils have retarded the advancement of the brighter ones, the board has deemed it advisable to cut out and exclude the inferior pupils. This plaintiff was excluded from the school as one of the inferior pupils, falling behind in certain lines of study, and for no other reason.

The court is informed that the school authorities are now seeking to and will provide against this seeming necessity by the establishment of an additional grade in the normal school to which the pupils who for any reason seem slower than the rest, may be sent, and thus avoid the necessity of having them withdraw from the school.

This case suggests several legal questions:

First: What powers have courts to govern the conduct of boards of education? How far may they go in controlling the exercise of such board's discretion?

Second: What rights have the pupils in the schools, and how may those rights be forfeited?

Third: What is the legal status of the normal school, and what are the rights of the pupils to instruction?

Fourth. What right has plaintiff, being twenty-one years of age, to invoke the aid of the court in restraining defendants from keeping her out of school?

We will consider these questions at some length.

The law has vested the school authorities with the conduct of the schools and the making of rules and regulations for their proper government and management. In the exercise of these powers conferred by law, school boards are vested with a wide discretion, with which the courts will not interfere except in cases of plain abuse thereof.

The supreme court of this state, in volume 28, Ohio St., page 211, says: "But to boards of education is left large discretion as to the manner of performing their official duties, and courts will not interfere with this discretion."

The same court handed down a decision in volume 21, Ohio St., page 666, in the following words: "The father of a child entitled to the benefits of the public schools of a school district may maintain an action against the teacher of the school and the local directors of the sub-districts, for damages for wrongfully expelling the child from the school."

There is a marked distinction to be drawn between matters of discretion as to the manner of performing official duties, and the right of pupils to be admitted into schools and to be excluded therefrom. Courts will not attempt to interfere with rules established by the board of education where the same are reasonable and do not deprive the pupil of any right. Courts have no right to dictate to boards of education as to how pupils shall be graded; how they shall be examined; what percentage shall pass them; what class or grade they shall be assigned to, and many like matters so long as the rules adopted by the school authorities are reasonable and applied to all alike. Where pupils have been expelled from schools for the violation of rules which were unreasonable, courts have interfered because the discretion was abused.

In Missouri the rule of a school board provided for the expulsion of pupils who attended evening parties.

The board of education enforced this rule and expelled a pupil. The court held that the exclusion was unlawful.

In Indiana the rules of the agricultural college denied admission to pupils otherwise eligible, who were members of secret college fraternities. The supreme court of Indiana, in volume 82, page 175, held that this school receiving public money for its support, was open for instruction to all the youth of the state unless there was some good reason for the exclusion of a pupil; that this rule was unreasonable, and the exclusion was unlawful. The contention was made in that case, as is made in this case, that the court could not interfere with matters of discretion vested in the board, and that this was one of school government over which the board had entire and exclusive jurisdiction.

And the supreme court said: "The admission of students in a public educational institution is one thing, and the government and control of students after they are admitted, and have become subject to the jurisdiction of the institution, is quite another thing.

"The first rests upon well-established rules, either prescribed by law or sanctioned by usage, from which the right to admission is to be determined. The latter rests largely in the discretion of the officers in charge, the regulations prescribed for that purpose being subject to change as emergencies may arise. Having in view the various statutes in force in this state touching educational affairs, and the decisions of this court as well as of other courts bearing on the general subject, we think it may be safely said that every inhabitant of the state of suitable age and of good moral character, not afflicted with any contagious disease, and not incapacitated by some mental or physical infirmity, is entitled to admission as a student in the university, it being a public educational institution. The trustees have the undoubted authority to prohibit the attendance of students upon the meetings of such Greek fraternities * * * But the possession of this great power over a student after he has entered the university does not justify the imposition of extraordinary terms as a condition of admission into it. Nor does it justify anything which may be construed as an invidious discrimination against an applicant on account of previous membership in such fraternity.

"Regulations adopted by persons in charge of a school are analagous to by-laws enacted by municipal and other corporations, and both will be annulled by the courts when found to be unauthorized, against common right or palpably unreasonable."

This Indiana case involved the law governing the right of admission to Perdue University. The court drew a distinction between the right to exclude the pupil from the school and the right to govern him while a member of the school.

There is no right more sacred than the right to admission to the public schools of the state. Education is the bulwark of popular government. It is the arc of the covenant of our political faith. It is the hope of the nation. The duty of teaching and developing the youth is vested in the school authorities, and their discretion will not be interfered with by courts unless plainly abused. But the right to be educated in the schools belongs to the people and is vested in the law over which no board of education has the discretion to interfere or act according to its notions as to the future conduct of the pupil receiving instructions in the schools. The law granting that right is superior to the board of education, and superior to courts.

Sec. 4014, of the Revised Statutes of Ohio, reads as follows: "No pupil shall be suspended from school by a superintendent or teacher except for such time as may be necessary to convene the board of education, and no pupil shall be expelled except by a two-thirds vote of such board, and not until the parent or guardian of the offending pupil has been notified of the proposed expulsion and permitted to be heard against the same; and no pupil shall be suspended or expelled from any school beyond the current term thereof."

The plaintiff, Miss Brown, was a pupil of the normal school. This section of the statute it is admitted was not complied with, for the normal school is a part of the public school system of the district and under the general school laws of the state. And Miss Brown was excluded therefrom, and that exclusion was illegal. It is admitted, it must be admitted, that the normal school is a part of the public school system of this city district, otherwise it has no valid foundation in law. If she was excluded, then her exclusion was unlawful unless the fact of her over-age bars her of legal remedy. I know it is said on behalf of defendant that this letter was not intended as an exclusion from the public schools; that the plaintiff and the others receiving like dismissals were at liberty to fall back somewhere into some of the schools and come up again. It ought to be sufficient answer to say that nowhere in that communication which the plaintiff and the other young ladies received, were they so instructed. They were absolutely requested to withdraw from the normal school. I think it may be said that if the normal school had not been part of the public school system —if the normal school was a private institution, the course adopted would, in all probability, be justifiable and proper; but being under the general school laws of the state, pupils can be excluded therefrom only in the way the law provides. Does the plaintiff's age deprive her of the right to the remedy which she seeks?

In many states there is a constitutional age limit, and in such states it has been held that pupils beyond such school age have no right to instruction in the public schools. There are no provisions of this kind in the constitution of this state. The law-making power is vested with authcrity to direct who may be educated in the public schools.

Section 5030, of the Revised Statutes provides that a school enumeration shall be taken annually of all youth between six and twenty-one years of age. This enumeration determines the distribution of the state school fund, and fairly implies that the persons between these limits are to be beneficiaries of the school money of the state.

Section 4612a, provides that persons over twenty-one years of age may attend night schools upon terms prescribed by the board of education.

Section 4009b, provides that township graded schools may be established, and that boards cf education may admit as pupils adults over twenty-one years of age.

Section 4013, provides, that the school of each district shall be free to all youth between six and twenty-one years of age, and that each board of education may admit other persons upon such terms or upon payment of such tuition as it may prescribe.

It was admitted by counsel for defendants in argument, that only non-resident pupils are charged for tuition in the normal school; that resident pupils like the plaintiff, are never charged with tuition; that this has been the rule with reference to residents of the city who have pursued a course of instruction in the normal school when over twenty-one years of age.

It is in evidence that about one-third of the pupils of this school are above twenty-one years of age, and that during the twenty four years of its existence adults have been admitted and graduated from this school. And of necessity this must be so when you consider the 14 years of school work that are required of pupils generally before entering the normal school, and this should be so in fitting pupils for the profession of teaching, the greater good comes to those past twenty-one years of age because of the maturity of their mental powers.

The statute says, that boards of education may prescribe for the admission of others than youth between six and twenty-one, residents of the district.

I think it is a well established fact that school authorities have, without objection, for nearly a quarter of a century admitted the young women graduates of our high schools, regardless of age. They admitted this plain-

tiff, knowing she would be twenty-one years of age before the first year's work in the normal school was finished. The defendants cannot now be heard to say that these school authorities never prescribed a rule for admitting persons residents of the district over twenty-one years of age.

This normal school is a grade in the public school system of Cleveland, and is maintained by the general tax of the people.

This plaintiff was regularly admitted as a pupil therein; has done nothing to forfeit her right to attend school. So long as she complies with the reasonable rules and regulations of the defendants, she has the right to receive instruction in this normal school. Low standing in some of her classes recitations, is not a reasonable ground for her exclusion from the school, and the defendants are and have been since February wrongfully excluding her from the exercise of her legal rights as a pupil.

The court wants it distinctly understood that it in no way attempts to dictate to the board of education as to the qualification which may be required from the pupils in its charge, or what classes they may be admitted to, or from what they may be excluded, so long as the regulations prescribed by the board are reasonable and right, and attending school is not interfered with.

I am informed also that the plaintiff and the young ladies who were excluded from the normal school, or as many of them as so desire, may return at the beginning of the next school year, at which time provisions will be made for an extra grade in the normal school, and the necessity of requesting pupils to retire as heretofore will not exist. However, I think the plaintiff is entitled to an injunction prayed for, and the court will so order the temporary injunction upon the plaintiff's giving bond in the sum of one hundred dollars.

Wm. A. Babcock, for Plaintiff.

Hogsett, Director of Law, and others, for Defendants.